UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT BALDEO,<br><br>         Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | Case No. 1:17-cv-01692 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Albert Baldeo ("Plaintiff"), proceeding *pro se*, has moved this court to disqualify the entire United States Attorney's Office for the Southern District of New York, including Assistant U.S. Attorney ("AUSA") Daniel Richenthal ("Richenthal"). Dkt. 88 ("Mot."). Plaintiff has previously moved this Court to vacate and reverse his prior convictions, Dkts. 79, 84, and does so again in this motion, *see* Mot. at 1. The Court will not resolve his duplicative motion to vacate and reverse his prior convictions on this motion, since briefing in that matter is outstanding, *see* Dkts. 85, 86, 87, but it will resolve the motion to disqualify in order to permit the expeditious resolution of the motions to vacate. For the reasons set forth below, Plaintiff's motion to disqualify is denied.

## BACKGROUND

Familiarity with this matter is presumed, and the Court therefore provides only a brief summary of the facts and procedural history.

Plaintiff was previously convicted by a jury of one count of conspiracy to obstruct justice and six counts of obstruction of justice for his conduct during the investigation and prosecution concerning his use of straw donors. *See Baldeo v. United States*, Nos. 13-cr-00125 (PAC), 17-cv-01692 (PAC), 2018 WL 1116570, at *1 (S.D.N.Y. Feb. 26, 2018)

1

(*Baldeo I*). He was sentenced to 18 months of incarceration, followed by two years of supervised release, and completed his term of imprisonment and supervised release in July 2018. *See id.* at *1-2; Judgment at 2-3, *Baldeo I*, No. 13-cr-00125 (S.D.N.Y. Feb. 2, 2015), Dkt. 153; Opinion & Order at 1, *Baldeo I*, No. 13-cr-00125 (S.D.N.Y. Mar. 5, 2015), Dkt. 161.

Plaintiff has mounted several unsuccessful challenges to his conviction and these present motions are the latest iteration. *See United States v. Baldeo*, No. 13-cr-00125 (PAC), 2014 WL 6807833 (S.D.N.Y. Dec. 3, 2014) (*Baldeo II*); *United States v. Baldeo*, 615 F. App'x 26 (2d Cir. 2015) (summary order) (*Baldeo III*); *Baldeo v. United States*, Nos. 13-cr-00125 (PAC), 17-cv-01692 (PAC), 2018 WL 1116570, at *3 (S.D.N.Y. Feb. 26, 2018) (*Baldeo IV*) (describing unsuccessful requests for *en banc* review and certiorari); *Baldeo v. United States*, Nos. 13-cr-00125 (PAC), 17-cv-01692 (PAC), 2022 WL 214385, at *1 (S.D.N.Y. Jan. 25, 2022) (*Baldeo V*) (denying petitions for writ of error *coram nobis* seeking to vacate prior convictions), *appeal dismissed*, No. 22-0490 (2d Cir. Jan. 11, 2023), Dkt. 61. The case was reassigned to the undersigned on July 8, 2024.

Mindful of Plaintiff's *pro se* status, the Court construes his submissions "liberally," reading them "to raise the strongest arguments that they suggest." *Triestman v. Fed Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). However, "[t]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented," *Baldeo V*, 2022 WL 214385, at *2 (quoting *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)), and Plaintiff, a former lawyer, has now filed numerous motions regarding his prior conviction before this Court and the Second Circuit. *See id.* at *1-2 (summarizing Plaintiff's history of litigation).

**DISCUSSION**

Plaintiff moves to disqualify Richenthal[1] and the entire U.S. Attorney's Office for the Southern District of New York. The Court will consider the motion with regard to Richenthal before considering the motion to disqualify the entire U.S. Attorney's Office for the Southern District of New York.

## I. Legal Principles

"[D]isqualification is disfavored in this Circuit." *United States v. Doud*, No. 19-cr-00285 (GBD), 2022 WL 120985, at *2 (S.D.N.Y. Jan. 12, 2022); *see Bd. of Educ. of City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979) ("[C]ourts should be quite hesitant to disqualify an attorney."). "Disqualification . . . is reserved for situations of prior representation, conflicts of interest, prosecutorial misconduct, and other unethical attorney behavior." *United States v. Stewart*, 294 F. Supp. 2d 490, 494 (S.D.N.Y. 2003).

## II. Motion to Disqualify AUSA Richenthal

Plaintiff argues that Richenthal must be disqualified because he will be a witness in this matter and is conflicted and not impartial. *Id.* at 4. The Court considers each argument in turn.

First, Plaintiff argues that Richenthal must be disqualified because he will be an "essential witness in this matter." Mot. at 4; *see also id.* at 20 (describing Richenthal as a "necessary witness"); *id.* at 45 (same). He provides no additional detail. To determine whether a prosecutor should be disqualified because the opposing party seeks to call them as a witness, courts evaluate whether a defendant has "demonstrate[d] a compelling and legitimate

---

[1] Plaintiff also argues that AUSA Martin Bell should also be disqualified because he is no longer employed with the U.S. Attorney's Office of the Southern District of New York. Mot. at 4. As reflected on the docket, Mr. Bell's representation was terminated on October 28, 2021, rendering this request moot. *See* Dkt. 67.

3

need to [call a prosecutor as witness]." *United States v. Regan*, 897 F. Supp. 748, 758 (S.D.N.Y. 1995) (quoting *United States v. Wallach*, 788 F. Supp. 739, 743 (S.D.N.Y.), *aff'd*, 979 F.2d 912 (2d Cir. 1992)). Courts have found that such a need exists where, for example, defendants make a showing that no witness other than the prosecutor can testify to the same matters. *See id.* (collecting cases). Plaintiff's allegations that Richenthal is an "essential" or "necessary" witness do not "demonstrate a compelling and legitimate need" to call Richenthal as a witness. These allegations offer only self-serving characterizations about the importance of Richenthal's testimony, provide no information about the topic of Richenthal's testimony, and therefore do not show that no witness other than Richenthal can provide such testimony. *Id.*; *see Rodriguez v. United States*, No. 14-cv-06134 (KAM), 2020 WL 7861383, at *22 (E.D.N.Y. Dec. 31, 2020) (denying motion to disqualify five AUSAs where petitioner alleged only that he would need to call the AUSAs as witnesses because of their alleged involvement in the prosecutorial misconduct of a different AUSA, but provided no specifics about the need to do so); *cf. United States v. Bolton*, No. 15-cr-00158, 2019 WL 1929717, at *4 (W.D.N.Y. May 1, 2019) (denying motion to disqualify prosecutor where the defendant offered "nothing more than his self-serving characterizations to support his claim" of misconduct). The Court finds that disqualification of Richenthal is unwarranted on this ground.

Second, Plaintiff argues that Richenthal must be disqualified due to his alleged impartiality and conflicts of interest. Mot. at 4. The Court finds that Plaintiff has not articulated any actual impartiality or conflict that would warrant the disqualification of Richenthal.

As an initial matter, Plaintiff has not identified any conflict in Richenthal's continued representation of the United States in this matter, and the Court is not aware of any. Next, Plaintiff's allegations about Richenthal's conduct with regard to Plaintiff's earlier motion to

4

vacate his conviction do not demonstrate impartiality. Setting aside that such an allegation does not bear on partiality, the Court credits Richenthal's representation that he was unaware of the November 27, 2024 deadline. Mot. at 6. While S.D.N.Y. Local Civil Rule 6.1 states that the default deadline for opposing or response papers is fourteen days after service of the moving papers, the Court did not set a briefing schedule on the docket, and Richenthal attested in his request for an extension that he was not aware of the initial deadline. Dkt. 87. As to Plaintiff's argument that Richenthal has "attempted to bury" Plaintiff's arguments, Mot. at 22-23, 28, the Court disagrees. Richenthal's most recent submission to this Court did not purport to substantively address Plaintiff's arguments, but instead noted that while Plaintiff's motion appeared to be "duplicative of prior failed motions, and legally and factually baseless," the Government needed time to appropriately respond to Plaintiff's 200-page filing. Dkt. 86 at 1. Plaintiff further provides no substantiation for his assertions that Richenthal had relationships with judges of this District and Circuit that created a conflict of interest. Finally, Plaintiff's allegations about Richenthal's litigation of the criminal prosecution against him and Plaintiff's subsequent litigation are similarly baseless. Plaintiff has alleged no facts that support disqualification of Richenthal based on any conflict or impropriety. *See Doud*, 2022 WL 120985, at *2 (denying motion to disqualify AUSA where defendant did not "articulate[] any actual conflict which would warrant . . . disqualification").

  Because Plaintiff has not demonstrated that disqualification is appropriate, the Court denies Plaintiff's motion to disqualify AUSA Richenthal.

### III. Motion to Disqualify the U.S. Attorney's Office for the Southern District of New York

Plaintiff argues that the U.S. Attorney's Office for the Southern District of New York should be disqualified because of recent criticism allegedly levied against the office related to prosecutorial misconduct. *See* Mot. at 8-16. This motion is without merit.

"An entire U.S. Attorney's office should only be disqualified, if ever, when special circumstances demonstrate that the interest of justice could only be advanced by this drastic remedy." *United States v. Callahan*, No. 13-cr-00453 (ADS), 2020 WL 108452, at *11 (E.D.N.Y. Jan. 9, 2020) (quoting *United States v. Basciano*, 763 F. Supp. 2d 303, 314 (E.D.N.Y. 2011)). "[E]very circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification." *Basciano*, 763 F. Supp. 2d at 313 (alteration in original) (quoting *United States v. Bolden*, 353 F.3d 870, 879 (10th Cir. 2003)); *see Rodriguez*, 2020 WL 7861383, at *22 (same).

Plaintiff has failed to establish any evidence of bad faith or unethical conduct on the part of the U.S. Attorney's Office that would require the entire office to be disqualified. Instead, Plaintiff has identified a series of reports of cases involving *Brady* violations without linking them to any material fact about this case. *See* Mot. at 9, 12-14. These instances of "purported Government misconduct" do not "rise to the level of creating the special circumstances required for recusal." *Basciano*, 763 F. Supp. 2d at 314. Since Plaintiff presents no facts that support his contention that disqualification of the entire U.S. Attorney's Office for the Southern District of New York is required, the Court denies the motion. *See Rodriguez*, 2020 WL 7861383, at *22 (denying motion to disqualify U.S. Attorney's Office for the Southern District of New York where "petitioner present[ed] no facts that support his contention that, without disqualification there will be impropriety").

## CONCLUSION

Plaintiff's motion to disqualify AUSA Richenthal and the U.S. Attorney's Office for the Southern District of New York is denied. The Clerk of Court is directed to terminate the motion and mail a copy of this Memorandum Opinion and Order to the address that Plaintiff has provided on the docket.

Dated: December 19, 2024
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge