UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT BALDEO,<br><br>       Plaintiff,<br><br>  -against-<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Case No. 1:17-CV-01692 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Albert Baldeo ("Plaintiff"), proceeding *pro se*, has filed several petitions and letters for a writ of *audita querela*, seeking to have his prior convictions vacated and reversed. Dkts. 79, 84, 90, 91, 95, 97, 98, 99, 100. He has also moved to recuse the Hon. Paul Crotty from his case. Dkt. 79. Finally, he seeks an order directing the removal of statements about his criminal proceedings from Google and other search engines. Dkt. 96. For the reasons set forth below, Plaintiff's petitions and motions are denied in their entirety.

## BACKGROUND

  Familiarity with this matter is presumed, and the Court therefore provides only a brief summary of the facts and procedural history. In August 2014, Plaintiff was convicted of one count of conspiracy to obstruct justice and six counts of obstruction of justice following a jury trial. *Baldeo v. United States* (*Baldeo IV*), Nos. 13-cr-125 (PAC), 17-cv-1692 (PAC), 2018 WL 1116570, at *1 (S.D.N.Y. Feb. 26, 2018). In February 2015, Plaintiff was sentenced to eighteen months in prison and two years of supervised release, *id.* at *2, which has now concluded.

  Plaintiff's post-trial litigation has been extensive to say the least. Prior to the most recent petitions, he has unsuccessfully sought relief from his convictions under Federal Rules of Criminal Procedure 29 and 33, Federal Rule of Civil Procedure 60, 28 U.S.C. § 2255, a writ of error *coram nobis*, and *audita querela* relief or other relief pursuant to the All Writs Act. *See United States v.*

1

*Baldeo* (*Baldeo I*), No. S1 13-cr-125 (PAC), 2014 WL 6807833 (S.D.N.Y. Dec. 3, 2014); *United States v. Baldeo* (*Baldeo III*), 615 F. App'x 26 (2d Cir. 2015) (summary order); *Baldeo IV*, 2018 WL 1116570, at *3 (describing unsuccessful requests for *en banc* review and certiorari); *Baldeo v. United States* (*Baldeo V*), Nos. 13-cr-125 (PAC), 17-cv-1692 (PAC), 2022 WL 214385, at *1 (S.D.N.Y. Jan. 25, 2022) (denying petitions for writ of error *coram nobis* seeking to vacate prior convictions, for relief pursuant to 28 U.S.C. § 2255, and for *audita querela* relief).  Plaintiff also unsuccessfully moved to disqualify the United States Attorney's Office for the Southern District of New York from working on this matter.  Dkts. 88, 89.

      This Court is mindful of Plaintiff's *pro se* status that affords him a "liberal[]" reading of his submissions.  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  Plaintiff, however, seems to be recycling arguments and seeking relief on grounds that were previously denied.  *Compare Baldeo V*, 2022 WL 214385, at *4-5 (denying Plaintiff relief under Federal Rule of Civil Procedure 60 in part because it cannot be used to attack his underlying criminal convictions), *with* Dkt. 79 at 35 (moving to vacate his prior convictions in part under Federal Rule of Civil Procedure 60).  Indeed, Judge Crotty previously denied Plaintiff *audita querela* relief in 2022 and warned, in response to the proliferation of Plaintiff's filings, that "[t]here is no need for further litigation."  *Baldeo V*, 2022 WL 214385, at *4-5.  Plaintiff, as an attorney (albeit now disbarred), is also particularly "experienced in litigation and familiar with the procedural setting presented" at this point.  *Id.* at *2 (quoting *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)); *see also id.* at *1-2 (summarizing Plaintiff's history of litigation).  Therefore, the "degree of solicitude" his *pro se* status grants "may be lessened."  *Id.* (quoting *Tracy*, 623 F.3d at 102).

## DISCUSSION

      The Court will address Plaintiff's requests in turn.  First, because this case was reassigned on July 8, 2024, Plaintiff's request to have the Hon. Paul Crotty removed from this matter is moot.

2

Next, Plaintiff's request for a writ of *audita querela* is denied. There is a "profound importance of finality in criminal proceedings." *Strickland v. Washington*, 466 U.S. 668, 693 (1984). "Without finality, the criminal law is deprived of much of its deterrent effect." *Teague v. Lane*, 489 U.S. 288, 309 (1989). Writs of *audita querela* are "available in very limited circumstances with respect to criminal convictions." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). Its availability is triggered "where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Id.* "In other words, the writ is *unavailable* if a defendant could have sought relief through a direct appeal or a § 2255 motion." *United States v. Daugerdas*, No. 21-605, 2022 WL 274226, at *1 (2d Cir. Jan. 31, 2022) (summary order).

Plaintiff's petition for a writ of *audita querela* comes after unsuccessful direct appeals and an unsuccessful § 2255 motion. *See, e.g.*, *Baldeo V*, 2022 WL 214385, at *3-5. Accordingly, Plaintiff was denied *audita querela* relief several years ago because such relief is legally unavailable. *Id.* at *4. His appeal of that denial was rejected by the Second Circuit. No. 22-00490 (2d Cir. Jan. 11, 2023). For the same reasons that Plaintiff's request for a writ of *audita querela* was previously denied, it is again denied. In addition, insofar as Plaintiff's submissions could be construed as Rule 60 motions (*see, e.g.*, Dkt. 79 at 1, 19; Dkt. 98 at 1), such relief is also denied as it is untimely and without merit because Plaintiff focuses on issues related to his underlying conviction and trial rather than on issues with collateral proceedings. *See Baldeo V*, 2022 WL 214385, at *4-5.[1]

---

[1] The only arguably new piece of information presented by Plaintiff is a "report" from the private investigative firm, Silver Shield, hired by Plaintiff in May 2023, which concludes that ten interviewees, some of whom did not testify at trial, "agree that [Plaintiff] was a good person who tried to help his community, and that at no time did he ever approach anyone to lie on his behalf to anyone, or try to obstruct the case or intimidate or threaten anyone, or otherwise." Dkt. 79-1 at 162. This report, submitted inexplicably nearly seven years after he left prison, is insufficient to support Plaintiff's requested relief. *See Haouari v. United States*, 510 F.3d 350, 353 (2d Cir. 2007) ("It is

3

Finally, this Court will not order the United States Attorneys' Office to remove all references to the "complaints, press releases, and publications" regarding Plaintiff's criminal proceeding from Google and other search engines. Dkt. 96. While Plaintiff may be displeased that his prior criminal proceedings are publicly available on the internet given that he was acquitted of certain charges, transparency of the criminal justice system is essential.

## CONCLUSION

Plaintiff's request for the recusal of Judge Crotty is moot, and his petition for a writ of *audita querela* and for an order requiring the United States Attorneys' Office to remove references to his criminal proceedings from the internet are DENIED. The Court also declines to issue a certificate of appealability. The Clerk of Court is directed to terminate all open motions and petitions and mail a copy of this Order to the address that Plaintiff has provided on the docket.

Dated: November 3, 2025
New York, New York

SO ORDERED.

JENNIFER L. ROCHON

---

axiomatic that witness recantations 'must be looked upon with the utmost suspicion.'" (quoting *Ortega v. Duncan*, 333 F.3d 102, 107 (2d Cir. 2003))). Given the lack of context and brief overview provided in the report, the information provided was "conclusory, vague, and unpersuasive." *United States v. Nkansah*, No. 08-cr-1234 (JSR), 2024 WL 3330226, at *4 (S.D.N.Y. July 3, 2024) (denying *corum nobus* petition). Moreover, none of the former witnesses have formally attested to the validity of this report. *See United States v. DiPaolo*, 835 F.2d 46, 50 (2d Cir. 1987) ("Even if [the witness's] recantation clearly disputed her trial testimony, its credibility is doubtful because the transcription of the taped interview was never initialed, signed, or sworn to by [the witness].").